[Crim. No. 297.  Department One.—September 25, 1897.]

# THE PEOPLE, Respondent, v. GRAY G. SOUTHERN, Appellant.

CRIMINAL LAW—BILL OF EXCEPTIONS—CORRECTION OF MISTAKE—NOTICE—ORDER SETTING ASIDE SETTLEMENT—APPEAL.—Under section 473 of the Code of Civil Procedure, notice is not required to be given of an application for the correction of a mistake in a record; nor is the presence of a defendant convicted of felony needed at the hearing of a motion to correct a mistake in the settled bill of exceptions, so as to make it show the record as it actually existed; and where the defendant was given two days' notice of such motion, and the court, after the taking of evidence which justified the correction of a mistake in the bill, set aside the order settling the bill, corrected the mistake, and resettled the bill as corrected, the order setting aside the settlement will not be reversed upon appeal for the want of five days' notice to the defendant of the hearing.

APPEAL from an order of the Superior Court of Orange County setting aside an order settling a bill of exceptions. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

C. S. McKelvey, and Brosseau & Montgomery, and McKelvey & Bowes, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

THE COURT.—The trial court set aside an order settling a bill of exceptions, made a correction in the bill, and thereupon again settled the same. This appeal is prosecuted from the order setting aside the order settling the bill. The defendant was convicted of a felony, and thereafter prepared and had settled a bill of exceptions. This bill contained an instruction upon the law of reasonable doubt in which the verb "can say" is found. It was claimed by the prosecution that the language of the instruction as given to the jury was "cannot say." Upon proceedings had the order settling the bill was set aside and the word "not" inserted therein. This action of the trial court was taken upon two days' notice to the other side, and after the taking of evidence.

Defendant's main contention is, that he was entitled to five days' notice of the hearing. He makes no claim that injury resulted to him by reason of the shortness of the notice given, but stands squarely upon his strict legal rights as he understands them. He has no such legal rights. It was a commendable practice upon the part of the other side to give him notice of this hearing, but in a case like the present we find nothing in the statute requiring notice. The proceeding inaugurated for the correction of the bill was simply to rectify a mistake—to make the bill show the record as it actually existed. The course here adopted was in full accord with the practice recognized by section 473 of the Code of Civil Procedure, and by that section no notice whatever is contemplated in the correction of a mistake. *Warner v. Thomas etc. Works*, 105 Cal. 409, fully and clearly declares the principle governing trial courts under such contingencies as are here presented. (See, also, *Crim v. Kessing*, 89 Cal. 478; 23 Am. St. Rep. 491.)

The presence of the defendant was not needed at the hearing of this motion, and the evidence presented at the hearing fully justified the trial court in making the order appealed from.

For the foregoing reasons the order is affirmed.