[Civ. No. 2342.   Third Appellate District.—October 18, 1921.]

## ADDIE DeCOE et al., Appellants, v. ANNA JOHNSON, as Administratrix, etc., et al., Respondents.

[1] PARTNERSHIP—DEATH OF PARTNER—RIGHTS OF SURVIVOR OVER AS-SETS.—Under section 1585 of the Code of Civil Procedure, upon the death of a partner the surviving partner is vested with the right to continue in the exclusive possession of the partnership and its affairs until the business thereof is completely settled; and until the partnership business is settled, or at least until such times as assets from the partnership business may come into the hands of the surviving partner, the interests of the deceased in such business are not assets of his estate, and the administrator of his estate or the executor of his last will has no right or authority to interfere or intermeddle in the settlement of the partnership business and affairs.

[2] ID.—CONFLICTING CLAIMS TO MONEY DUE PARTNERSHIP—RIGHT OF DEBTOR TO REQUIRE DETERMINATION OF.—Where the administratrix of the estate of a deceased partner notifies a corporation debtor of the partnership that she, as such administratrix, is interested in the claim against said corporation, not stating how that interest arose, and she demands of such corporation the payment to her of such proportion of such claim as belongs to the estate, the said corporation, not being fully informed as to the character of the contractual relationship between the surviving partner and the deceased out of which the claim developed, is entitled to demand that the matter shall be determined either amicably or by suit between the surviving partner and the administrator of the estate of the deceased partner before it shall be required to pay said debt, which it admits exists against it.

[3] ID. — ACTION AGAINST DEBTOR — INTERVENTION BY ADMINISTRATRIX OF DECEASED PARTNER.—The surviving partner having sued such cor-poration to recover the amount of such claim and interest thereon, the administratrix of the estate of the deceased partner had the legal right either to intervene in the case or, having on motion of the corporation defendant been substituted for the latter, to answer the complaint and have the matter of the respective rights of the plaintiff and herself as such administratrix properly litigated.

[4] ID. — SUBSTITUTION OF ADMINISTRATRIX FOR DEBTOR — ANSWER — ISSUES JOINED—ERRONEOUS ORDER AND JUDGMENT.—In such action, the administratrix, on motion of the corporation defendant, having been substituted for the latter and she having answered the com-plaint denying that there was a partnership existing between plain-

1. Respective powers of surviving partner and personal representative of deceased partner as to partnership property, note, 28 L. R. A. 136.

tiff and her intestate during the latter's lifetime in the business out of which arose the indebtedness declared upon, and having further affirmatively alleged in her said answer that the estate of which she was the administratrix was interested in the said claim, not stating, however, the circumstances under which that interest attached, there was a proper issue joined upon the demand sued for, and the trial court committed error in striking from the answer the affirmative allegations thereof and in awarding plaintiff judgment on the pleadings.

[5] JUDGMENTS—POWER OF MODIFICATION BEFORE ENTRY.—A judgment, although filed, is under the control of the court rendering it until it is entered, and, until entered, may by the court be altered or changed or another substituted therefor.

[6] ID. — MODIFICATION AFTER ENTRY — ERRONEOUS MINUTE ORDER. — Where the judgment, although entered, does not conform to the minute order of the judgment, and no findings are filed, the court may modify or alter or even set aside the judgment as entered and order a judgment in conformity to the judgment it had announced and of which the erroneous minute order purported to be the evidence.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Hewitt for Appellants.

Davids & Snyder and Bacigalupi & Elkus for Respondents.

HART, J.—This is an appeal from an order setting aside and vacating a judgment entered upon the pleadings in this action and requiring the plaintiff, Addie DeCoe, "to render an accounting of the partnership affairs, or the business interests of said plaintiff and defendant in the growing of rice during the year 1919, with said Edward T. Johnson, deceased."

The complaint alleges that the plaintiff, Addie DeCoe, who was a married woman and the wife of the plaintiff, C. A. DeCoe, was the owner in her separate right and as her separate property of an undivided one-half interest of a certain tract of land situated in Butte County, California, which is specifically described in the complaint; that during the year 1918 and also the year 1919 the plain-

tiff, Addie DeCoe, and one Edward T. Johnson were co-partners and were engaged in farming the real property referred to above under a contract of copartnership entered into between said parties; that said copartnership continued to exist until the twenty-sixth day of September, 1919, when the said Johnson died, and that the plaintiff, Addie DeCoe, "has been and still is the sole survivor of said partnership"; that in the year 1919 a crop of rice was produced on the land described in the complaint and farmed by said copartnership and that on the eighth day of December, 1919, said crop having been harvested by the plaintiff, Addie DeCoe, said plaintiff, as the survivor of said partnership, sold and delivered to the defendant, Rosenberg Bros. & Co., at the town of Biggs, in said county of Butte, 2,513 sacks of rice, weighing 246,628 pounds, at an agreed total price of $16,030.82, at the date of said sale said rice being on storage at the warehouse of the Farmers' Co-operative Union of Butte County, located at said town of Biggs, and was represented by warehouse receipt No. 71, issued by said Co-operative Union to said plaintiff, Addie DeCoe, on or about the twelfth day of November, 1919, and which said warehouse receipt was indorsed by said plaintiff, Addie DeCoe, and transferred and delivered to defendant on the date of the sale of said rice; that the defendant has paid to said plaintiff, Addie DeCoe, on account of the purchase price of said rice, the sum of $2,500 only "and there is now due, owing and unpaid to said plaintiff, Addie DeCoe, from said defendant, the remaining portion of said purchase price or the sum of $13,530.82; that said contract of sale was made and was to be performed at the Town of Biggs, County of Butte, State of California." The complaint further alleges that by reason of the refusal and neglect of the defendant, Rosenberg Bros. & Co., to pay to the plaintiff the balance of the purchase price of said rice, namely, the sum of $13,530.82, at the time of the sale thereof, as above specified, the plaintiff, Addie DeCoe, has been deprived of the use of said money from the date of said sale to her damage in the sum of $5,000. The prayer is for judgment for the alleged balance due on the purchase price of the rice, together with the sum of $5,000 damages, and also with interest on said sum at the rate of seven per cent per annum

from the eighth day of December, 1919, and for costs of suit, etc.

To the complaint the defendant interposed a demurrer which was overruled by the court and the defendant granted thirty days within which to answer. A few days prior to the expiration of the time thus allowed for answering, the defendant applied for and was granted an additional thirty days within which to reply to the complaint.

On the seventeenth day of May, 1920, the defendant corporation filed and 'servèd a notice upon the plaintiff, stating that it would, on the twenty-fourth day of May, 1920, make an application to the court for an order substituting Anna Johnson, administratrix of the estate of Edward T. Johnson, deceased, as defendant in said action in place of said corporation, upon paying into court the sum of $13,530.82, the principal of the amount claimed in the complaint herein, less storage charges of $143. This notice was supported by an affidavit of Abraham Rosenberg, president of the defendant corporation, in which it is recited that after said defendant purchased the rice from the said plaintiff, Addie DeCoe, said defendant was notified that said sale was of rice that was jointly owned by said Addie DeCoe and Anna Johnson, as administratrix of the estate of Edward T. Johnson, deceased, and that said Addie DeCoe and said Edward T. Johnson ''were joint adventurers in the production of the rice covered by the contract annexed hereto and are jointly interested in the same and that said Anna Johnson, as the administratrix of the estate of Edward T. Johnson, deceased, claimed a half interest in said rice and demanded from Rosenberg Bros. & Co., the payment thereof; that Rosenberg Bros. & Co. have at all times been ready, willing and able to make payment of the total amount due for said rice and have offered to make payment thereof to said Addie DeCoe and said Anna Johnson, as administratrix of the estate of Edward T. Johnson, deceased, in any manner that may be mutually satisfactory to them, or to make payment of half of said amount to each of said parties; that said Addie DeCoe and Anna Johnson, . . . , have been unable to arrive at a satisfactory agreement under which Rosenberg Bros. & Co. could make payment to them and so release itself from its obligation to both of said parties; that said Addie DeCoe insists that

there are certain expenses due to her from her handling of said rice and the operation of growing the same and that said Anna Johnson, . . . , admits that certain amounts are due and owing for said work but no accounting has been had between said parties, and Addie DeCoe has refused to make any such accounting until payment to her of the whole amount to be paid by Rosenberg Bros. & Co. under said contract and that Anna Johnson, . . . , has notified Rosenberg Bros. & Co. not to make any such payment without her approval and that she will hold Rosenberg Bros. & Co. liable if they do so." The affidavit proceeds to state that Rosenberg Bros. & Co., long before the institution of this action, made known its position as above set forth to said Addie DeCoe and of its desire and intention to make payment to the full extent of its obligation and its willingness to do so upon an agreement by and between said Addie DeCoe and Anna Johnson, administratrix, etc., as to the manner of making said payment; that said Addie DeCoe refused to consider said proposition or to make any attempt at arriving at any arrangements by which Rosenberg Bros. & Co. could make its payment and avoid litigation; that thereafter the said plaintiff commenced this action. It is further stated in the affidavit that it is apparent that the respective rights of the plaintiff, Addie DeCoe, and Anna Johnson can only be determined by an accounting between them; that the defendant corporation is in no way interested in the respective rights of the parties or the extent of their interest in the amount to be paid by it, nor is it interested in any way in the controversy between them; that said defendant corporation desires to make its payment of the amount due under its contract for the purchase of said rice, "but desires to do so without peril to itself and without involving itself in litigation." In said affidavit it is further declared: That there is or was no collusion in this matter or in the action taken in the motion for an interpleader herein of said Anna Johnson, with the defendant corporation in any way and that "this action is taken by it (defendant corporation) independently and without collusion with anyone and that the demand made upon it by said Anna Johnson hereinabove referred to was likewise made upon it without any collusion between it and said Anna Johnson or without any collusion by it with anyone." The

defendant concludes its affidavit by offering to deposit in court the full amount due upon said contract alleged in said amended complaint and which said sum amounts to the sum of $13,530.82, less $143 paid for storage of said rice, and that said defendant ''asks that the court make its order joining Anna Johnson as administratrix of the estate of Edward T. Johnson, deceased, and dismiss Rosenberg Bros. & Co. therefrom so that it may be released from the litigation in which it is not interested and that the parties interested may have an accounting and settle their rights without involving Rosenberg Bros. & Co.'' The above motion came on for hearing and was heard on the twenty-fourth day of May, 1920, and upon the conclusion of the hearing the court ordered that, upon payment into court by the defendant corporation of the sum of $13,830.21, said sum being the balance due on the purchase price of said rice and accrued interest, amounting to $432.39, and costs in the sum of $10, Anna Johnson, as administratrix of the estate of Edward T. Johnson, deceased, be substituted as defendant in the place of said corporation. On June 3, 1920, said sum of $13,830.21 was paid into court by said Rosenberg Bros. & Co., said act being accompanied by a petition addressed to the court in which it was stated: ''Said Rosenberg Bros. & Co. further respectfully submit that said deposit in court was and is as to the sum of $442.39, alleged costs and alleged interest, made under protest, since said defendant believes and alleges that said interest and costs constitute no proper claim against said defendant and were not properly included as a part of the payment to be made under said order of interpleader.'' The corporation in said petition, besides asking for the substitution of Anna Johnson as defendant in its place, declared that it reserves to itself the right to appear in said action at any subsequent hearings or trials to show cause why said sum of $442.39 alleged interest and alleged costs should be repaid and refunded by the clerk of the court to said defendant corporation. Thereupon the defendant corporation was retired from the case.

On September 3, 1920, said substituted defendant appeared in the action by her attorneys and demurred to the complaint. The demurrer was, on the seventh day of said month, overruled and she was granted ten days within

which to answer the complaint. On the seventeenth day of September said defendant filed her answer to the complaint, in which, after specifically denying each and every averment of that pleading, she, for a second answer thereto, proceeds to recite the several steps taken in the action down to the date of the filing of her answer, as those steps are above explained, including a reference to the allegations of plaintiffs' complaint as to the partnership existing between said plaintiff Addie DeCoe and her intestate, Edward T. Johnson, and the sale of the rice by said plaintiff to Rosenberg Bros. & Co., then alleges "that a part of said sum of $13,830.21, now on deposit with the clerk of this court, is the property of this defendant's intestate, said Edward T. Johnson, deceased, but this defendant has no exact knowledge of the exact proportion of said money properly belonging to her said intestate; that defendant has, through her attorneys, on frequent occasions, endeavored to obtain from plaintiff, Addie DeCoe, an exact statement of the business dealings had between her and this defendant's intestate, and to obtain from said Addie DeCoe an accounting and settlement of the moneys due this defendant's intestate from said business affairs, but plaintiff, Addie DeCoe, has at all times refused to account to defendant for moneys due defendant's intestate."

The prayer of the answer is for an order directing plaintiff, Addie DeCoe, to make a full accounting of her business dealings with the defendant's intestate, that the court appoint a commissioner to examine the said account and make a report thereon to the court, and that thereupon an order be made directing the said plaintiff, Addie DeCoe, to pay the defendant out of the sum deposited with the clerk of the court by the defendant corporation under the order of interpleader of such part or portion of such money as is properly and justly due the defendant's intestate.

On September 25th the plaintiff noticed a motion for the fourth day of October to strike from the answer of the defendant, Anna Johnson, all that portion thereof constituting the second answer of said defendant to the complaint, on the ground that the averments involved sham, irrelevant, and redundant matter, and also that she would at the same time ask the court to render judgment in favor

of plaintiff upon the pleadings. These motions were heard on the twenty-fourth day of October, 1920, plaintiff in open court stating that she waived all claim to damages in the sum of $5,000 mentioned in her complaint. The decision on said motions was rendered on the first day of November, 1920. In the meantime, however, and on the fourth day of October, 1920, the date when the last above-mentioned mo. tions were heard, the original defendant, Rosenberg Bros. & Co., made application to the court to intervene. Permission was thereupon granted to said defendant to appear in said cause, and on the thirteenth day of October it filed its answer to the complaint. After reciting a history of the litigation and the origin thereof as the same is hereinabove given, including the fact of the deposit in court by said defendant of the sum of money heretofore mentioned, the said defendant sets up the claim that it is entitled to a refund out of the sum so deposited in the sum of $442.39, representing the amount claimed by plaintiff, Addie DeCoe, as interest and costs, etc., alleging that said sum was deposited in court by it under protest based upon the alleged claim that said plaintiff, Addie DeCoe, was not entitled to said sum as interest and costs or at all. The prayer of said answer was for an order directing the payment to the said defendant corporation out of the moneys deposited under the order of interpleader of the sum of $442.39, and interest thereon from May 24, 1920, the date of the deposit.

On November 1, 1920, the defendant administratrix filed a petition for an order directing the plaintiff, Addie DeCoe, to render an account of her alleged partnership affairs with Edward T. Johnson, deceased. On that day, after said application had been made, the court made an order granting the application of the plaintiff for judgment in her favor upon the pleadings. The motion therefor, as seen, was made on October 4, 1920, and the clerk thereupon made the following minutes of the court proceedings:

"The motion of the defendant Anna Johnson, as administratrix of the estate of Edward T. Johnson, deceased, for an order directing the plaintiff Addie DeCoe to render an account of the partnership transaction between her and said Edward T. Johnson, deceased, was denied.

"The order of Oct. 18th, 1920, setting a date for the time (*sic*—trial?) of said cause was vacated and set aside.

"The motion of plaintiff, Addie DeCoe, for judgment on the pleadings, said plaintiff in open court waiving all claims to damages in the sum of five thousand dollars mentioned in the complaint, was granted, and judgment ordered entered accordingly."

The court thereafter filed a written judgment: First, denying the motion of the defendant, Anna Johnson, administratrix, etc., for an order directing the plaintiff, Addie DeCoe, to render an account of the alleged partnership affairs of said Edward T. Johnson, deceased; second, vacating and setting aside the order, made on the eighteenth day of October, 1920, fixing the fourteenth day of January, 1921, as the time for the trial of said cause and for the hearing of the motion of plaintiffs for judgment on the pleadings; third, granting the motion of the plaintiffs asking that all the portion of the answer of the said defendant, Anna Johnson, constituting her second answer to the complaint, be stricken out; fourth, granting the motion of the plaintiff, Addie DeCoe, for judgment upon the pleadings; fifth, decreeing that the plaintiff, Addie DeCoe, do have and recover from the defendants the sum of $13,830.21, said sum being the amount deposited with the clerk of the court by the defendant, Rosenberg Bros. & Co., and sixth, ordering the clerk of the court forthwith to pay to the plaintiff, Addie DeCoe, the said sum of $13,830.21 and thereupon enter a satisfaction of the judgment in the proper records.

On November 13, 1920, the defendant administratrix gave notice that she would on the twenty-second day of November, 1920, apply to the court for an order setting aside the minute order of the court made on November 1, 1920, and all subsequent proceedings, including the judgment given and entered in the action and last above referred to. Said motion came on for hearing on said twenty-second day of November, 1920, and the same was opposed by the plaintiff, Addie DeCoe, who supported the opposition by an affidavit by herself in which the history of the transaction between herself and Rosenberg Bros. & Co. and correspondence which passed between them were set forth in detail. The motion having been submitted on

said day, the court, on the sixth day of December, 1920, made an order, in which it was recited that, of its own motion and in furtherance of justice, and because of inadvertence in the rendition of the judgment, and that the minute order upon which said judgment was predicated was erroneous, setting aside the said judgment upon the pleadings, made and entered by the court on the first day of November, 1920, in favor of plaintiff and against the defendants.

The appeal is from the last-mentioned order.

It is obvious that the action by plaintiffs is founded upon the theory that the plaintiff, Addie DeCoe, was in the lifetime of Edward T. Johnson the latter's partner in the cultivation and growing of the rice in question on the land described in the complaint, and that she, in instituting the action, proceeded under section 1585 of the Code of Civil Procedure, which authorizes, upon the death of a partner, the surviving partner to settle the business of the partnership. Said section reads:

"When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner has the right to continue in possession of the partnership, and to settle its business, but the interest of the decedent in the partnership must be included in the inventory, and be appraised as other property. The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances as may from time to time be payable to him, in right of the decedent. . . . "

[1] The above section, as must readily be perceived upon reading it, vests the surviving partner with the right to continue in the exclusive possession of the partnership and its affairs until the business thereof is completely settled. It is thus very clear that, until the partnership business is settled or at least until such times as assets from the partnership business may come into the hands of the surviving partner, the interests of the deceased in such business are not assets of his estate, and it is equally clear, therefore, that the administrator of his estate or the executor of his last will has no right or authority to interfere or intermeddle in the settlement of the partnership business and affairs. (*Tompkins* v. *Weeks,* 26 Cal. 51, 66;

*Andrade* v. *Superior Court,* 75 Cal. 459, 462 [17 Pac. 531] ; *Raisch* v. *Warren,* 18 Cal. App. 655, 665 [124 Pac. 95] ; *Miller* v. *Lux,* 100 Cal. 609, 614 [35 Pac. 345, 639].)

In this case we think, assuming that the complaint states the truth as to the partnership between said plaintiff and the deceased, the orderly course (and, we may add, by far the less expensive to the litigants here) would have been to permit the plaintiff, Addie DeCoe, to collect, by judgment, the sum sued for and thereupon pay over to the administratrix of the estate of the deceased the portion thereof to which her intestate would have been entitled. But, while all this is true, we are unable to perceive, from anything which appears upon the face of the record, any legal objection to the defendant corporation and the administratrix defendant to proceeding in the case as they did. [2] Certainly, if the administratrix defendant notified the defendant corporation that she as such administratrix was interested in the claim declared upon by plaintiff, not stating how that interest arose, and demanded of such corporation the payment to her of such proportion of such demand as belonged to the estate, the said defendant corporation, then having no other evidence than the complaint itself of the particular character of the contractual relation between the plaintiff, Addie DeCoe, and the deceased out of which said claim developed, was entitled to demand that the matter should be determined either amicably or by suit between said plaintiff and said administratrix before it should be required to pay said debt, which it admitted existed against it. [3] And it is equally correct to say that the administratrix of the estate of the deceased had the legal right either to intervene in the case, or, having been substituted for the defendant corporation, answer the complaint and have the matter of the respective rights of the plaintiff, Addie DeCoe, and said administratrix properly litigated. [4] As we have seen, the defendant administratrix did answer the complaint denying that there was a partnership existing between Addie DeCoe and her intestate during the latter's lifetime in the business out of which arose the indebtedness declared upon and further affirmatively alleged in her said answer that the estate of which she was administratrix was interested in the claim, not stating, however, the circumstances under which that interest

attached.   There was, therefore, a proper issue joined upon
the demand sued for and, while we do not regard it essen-
tial to the decision in this case to pass upon those ques-
tions, still we are not reluctant to say that when the court
made its order striking from the answer the affirmative
allegations thereof, or the second answer to the complaint,
and awarding plaintiff judgment upon the pleadings, error
was committed.   Moreover, when the defendant corporation
was again permitted to become a party defendant in the
action, and thereupon interpose an answer contesting the
right of the plaintiff to that portion of the moneys de-
posited covering interest and costs claimed by the plain-
tiffs, there was no longer an interpleader, but an issue
tendered by the defendant corporation as to said portion of
the moneys deposited in court.   The whole theory of a bill
of interpleader is that the party against whom the action
is brought or the complainant has no title to the subject
matter of the suit, but that title thereto is in the claimants,
and he must so aver, and also that he is indifferent be-
tween the claimants as to the subject matter of the action.
He cannot seek relief in the premises against either.   (Code
Civ. Proc., sec. 386; *Killian* v. *Ebbinghaus*, 110 U. S. 568
[28 L. Ed. 246, 4 Sup. Ct. Rep. 232, see, also, Rose's U. S.
Notes].)   The situation here is that all the parties are
claiming a portion of the moneys involved in the suit and
which the defendant corporation deposited in court, and,
as stated, clearly this cannot, in a strict sense, be deemed
an interpleader.   But, however this all may be, the single
question presented here is whether or not the court was
authorized to set aside the judgment in favor of the plain-
tiff upon the pleadings.

Although the judgment which was set aside contained a
number of orders disposing of the several motions which
had previously been made, which orders amounted to no
more than minute orders as to said motions, yet the gist.
of the judgment or the vital part thereof was in the
granting to the plaintiffs the relief prayed for in their com-
plaint.

It is pointed out by the appellants that there are, under
the code, but three instances in which a judgment may be ·
vacated, and they are those provided for by section 663 of
the Code of Civil Procedure, where there are incorrect or

erroneous conclusions of law not consistent with or not supported by the findings, or where the judgment or decree is not consistent with or supported by the special verdict, and by section 473 of the same code, where a judgment has been taken against a party or his legal representative through his mistake, inadvertence, surprise, or excusable neglect. It is contended that the case here does not come within any of the provisions of the code thus referred to, and that the court was, therefore, without legal authority to vacate and set aside the judgment herein rendered.

While counsel on both sides, in their briefs, refer to the judgment as having been entered, the record shows that it was merely filed and the trial court, in the order appealed from, also refers to the judgment as having been filed and not as entered. [5] A judgment, although filed, is under the control of the court rendering it until it is entered, and until entered, may by the court be altered or changed or another judgment substituted therefor. No citation of authorities is necessary to verify this proposition. If, therefore, the judgment here was merely filed and not entered at the time the order vacating it was made, no legal objection could be made to said order. [6] But, while the rule is different where the judgment has been entered, particularly where findings have been filed, yet it cannot be doubted that where the judgment, although entered, does not conform to the minute order of the judgment, no findings being necessary or proper and, therefore, not filed, the court may modify or alter or even set aside the judgment as entered and order a judgment in conformity to the judgment it had announced and of which the erroneous minute order purported to be the evidence. The court, where the situation is the same as that presented here, may do this in the absence of a proceeding looking to that end inaugurated under section 473 of the Code of Civil Procedure; for all courts of record have the inherent power to correct at any time their records so that they will conform to the facts and speak the truth of the case. (*Crim* v. *Kessing,* 89 Cal. 478, 486 [23 Am. St. Rep. 491, 26 Pac. 1074]; *Toy* v. *Haskell,* 128 Cal. 558, 561 [79 Am. St. Rep. 70, 61 Pac. 89]; *Warner* v. *F. Thomas Parisian etc. Works,* 105 Cal. 409, 412 [38 Pac. 960]; *People* v. *Southern,* 118 Cal. 359 [50 Pac. 545].)

In this case, therefore, in view of the recitals of the order vacating the judgment, it is a matter of no consequence whether the judgment was or was not entered. The order complained of, states that "said judgment is based upon an incorrect and erroneous purported minute order; . . . ; that the said minute order was not the minute order rendered by the judge of the superior court; . . . ; that the court upon its own motion and in the furtherance of justice sets aside the alleged minute order of judgment in the said above-entitled cause, whereby judgment was given in favor of plaintiffs and against the defendants named herein, for the reason that said minute order was not the minute order of the above-entitled court but was, in fact, a document drawn up and filed by counsel for plaintiffs herein and designated by said counsel as 'the minute order of said court.'"

The minute order purporting to record the decision of the court as it was announced from the bench is presented in full hereinabove.

There is nothing in the record showing that the statement in the order appealed from that the above minute order was erroneous and does not set forth the judgment or decision actually rendered by the court is not true. That said statement in said order is, therefore, conclusive upon us, there can be no manner of doubt. Surely, the court itself knew better than anyone else what was in its mind and what it intended its judgment should be and what it actually was as it announced the same from the bench, and if the clerk of the court, as appears conclusively from this record to be true, misunderstood or misapprehended the decision actually rendered and so made an incorrect minute order thereof in conformity to such misunderstanding or misapprehension, then it was within the province and, indeed, the duty of the court not only to correct the order, but to alter or modify the written judgment following said order or to substitute the judgment actually announced for the erroneous one originally filed and entered if, indeed, it was entered.

The order appealed from is affirmed.

Burnett, J., and Finch, P. J., concurred.