[Crim. No. 123. Fourth Appellate District.—August 20, 1931.]

THE PEOPLE, Respondent, v. HAROLD VINCENT, Appellant.

J. C. C. Russell for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

FINNEY, J., *pro tem.*—The appellant Harold Vincent was convicted of robbery in the second degree and sentenced to serve the term prescribed by law in the state penitentiary at San Quentin. Judgment was pronounced on April 6, 1931, and on the same day defendant gave oral notice of appeal from the "judgment of conviction". On April 8, 1931, written notice of appeal was filed, stating that the defendant appealed from the judgment and from the order of the court denying his motion for a new trial. The motion for a new trial was dated March 30, 1931, and was filed the following day. The motion stated, among other things, that the defendant "moves the above-named court for a new trial under section 1181 of the Penal Code and all subdivisions thereunder and amendments thereto and more especially under subdivisions 4, 5, 6, and 7" and "that since the rendition of said verdict against said defendant, said defendant has discovered new evidence material to defendant's case, which, if produced at the trial of the case, would have resulted in a different verdict". The motion for a new trial was denied April 6, 1931. An application for a transcript of the phonographic reporter's notes was filed April 8, 1931, but this instrument does not contain any statement of the grounds of the appeal nor the points upon which the appellant relies, as required under section 7, rule II, of the Rules of the Judicial Council for the Supreme Court and the District Courts of Appeal, adopted June 1, 1928, and the attorney-general moves to dismiss this appeal on that ground.

The provisions of section 7, rule II, of the Rules of the Judicial Council provide that, in a criminal case, "the appellant must, within five days after giving notice of the appeal, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies,

and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal shall be dismissed." This provision is mandatory, and it has been held that where no such application has been presented or filed, the appeal must be dismissed. (See *People* v. *Rutledge,* 114 Cal. App. 728 [300 Pac. 828], and cases therein referred to.) It has also been held that an application filed and presented to the trial court for an order directing the reporter "to make a transcript of the testimony taken at the trial of said cause, to be used on appeal", which did not state the grounds of appeal or the points on which appellant relies, is insufficient (*People* v. *Flaherty,* 61 Cal. App. 775 [215 Pac. 699] ; *People* v. *Pierce,* 89 Cal. App. 290 [264 Pac. 519] ).

The application for the reporter's transcript, in the case at bar, was filed and presented to the trial court in due season and designates with great particularity the portions of the reporter's notes necessary to be transcribed, but it contains no statement of the grounds of the appeal or the points upon which the appellant relies. In this application demand is also made for a transcript of "the whole and entire phonographic notes taken by the phonographic reporter from the hearing of the motion for a new trial, together with all documents presented, heard, read and introduced upon said motion in the above-entitled cause, and the whole thereof". We do not regard this reference to the motion for a new trial as a sufficient compliance with the requirements of the rule under consideration, even if the reporter had incorporated in his transcript the motion for a new trial and the grounds stated therein upon which the motion was made.

A motion for a new trial is required to be set forth in the clerk's transcript, if anywhere (sec. 1, rule II, Rules of Judicial Council) and it was not contemplated, under the rules referred to, that a mere reference thereto in the application for the reporter's transcript or incorporation thereof in the reporter's transcript, would suffice for the statement of the grounds of the appeal and the points upon which appellant relies. In fact, the two may differ greatly. In a motion for a new trial it is common practice to incorporate all the statutory grounds upon which a new trial may be based,

whether they are relied upon or not. On the appeal many of these grounds are waived or not urged at all by the appellant. He is required to place in his application for the reporter's transcript a statement showing the grounds of his appeal and the points upon which he relies. This is required in order to economize the time of the court in searching the record and to show good faith on the part of the appellant in taking the appeal. But in his notice of motion for a new trial no such requirement is placed upon him. In such a notice he may include whatever he chooses to place there, and one will not answer the purpose of the other.

The application for the reporter's transcript in this case is deficient in that it contains no statement of the grounds of the appeal or the points upon which the appellant relies and inasmuch as the filing of an application containing such a statement is made a necessary prerequisite to the prosecution of an appeal from a judgment of conviction, the court is without jurisdiction to consider the appeal herein.

The appeal is therefore dismissed.

Jennings, Acting P. J., and Marks, J., concurred.