[L. A. No. 15019. In Bank.—April 19, 1935.]

PEDRO GONZALES, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

F. Paul Hornaday for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

SEAWELL, J.—The sole question presented by this petition for a writ of mandate is whether the curative provisions of section 473 of the Code of Civil Procedure are applicable to criminal proceedings. The specific problem here involved arises under the following circumstances:

Petitioner was convicted of a felony and sentence was pronounced. Within due time, and acting under section 1239 of the Penal Code, he filed his notice of appeal. He failed, however, to comply with rule 2, section 7, of the Rules for the Supreme Court and District Courts of Appeal, which provides in part as follows:

"Upon an appeal by the defendant from a judgment of conviction . . . the appellant must, within five days after giving notice of the appeal, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the

appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal shall be dismissed; provided, that the appeal shall not be dismissed for any defect in the statement of such grounds or points which does not affect the substantial rights of the respondent.'' Although petitioner failed to file the statement of the grounds of his appeal and failed to designate in the manner required in the above rule the portions of the transcript he desired to have transcribed, he did, in due time, request a complete transcript. The transcript has been duly prepared and is now on file in the appellate court. Thereafter the petitioner discovered his error and promptly petitioned the trial court to be allowed to show, pursuant to section 473 of the Code of Civil Procedure, that the omission to file the documents required by the rule was due to the clerical error, inadvertence and excusable neglect of counsel. The trial court denied the relief requested, on the ground that it did not have jurisdiction to hear the motion, whereupon petitioner applied for this writ of mandate to compel the trial court to entertain the motion and to decide it upon its merits.

Under the express provisions of the rule, as above quoted, failure to comply with the provisions thereof is ground for dismissal of the appeal. Many appeals have been dismissed for like reason. (*People* v. *Lewis*, 219 Cal. 410 [27 Pac. (2d) 73]; *People* v. *Vincent*, 116 Cal. App. 211 [2 Pac. (2d) 460], and others.) The petition herein alleges that the attorney-general of the state has already moved in the very appeal here involved to dismiss the same. The motion to dismiss is now pending in the appellate court.

On behalf of petitioner it is urged that the law contemplates the right of review of felony cases and abhors its deprivation; that the beneficent provisions of section 473 of the Code of Civil Procedure are of far greater import in criminal matters than in civil matters. These arguments can be of no avail, however, if, in fact, section 473 of the Code of Civil Procedure does not apply in criminal matters. That such a remedial section should exist may be conceded but arguments based on such a premise are more properly addressed to the legislature than to the courts.

Upon an analysis of section 473, we are forced to the conclusion that its curative provisions are not applicable to criminal cases. This conclusion necessarily and inevitably follows from an analysis of the following sections of the codes:

Section 24 of the Code of Civil Procedure provides:

"Actions are of two kinds: 1. Civil; and, 2, Criminal."

Section 31 of the same code provides: "The Penal Code defines and provides for the prosecution of a criminal action." The procedure in criminal actions is provided for by part II of the Penal Code, which is entitled "Criminal Procedure". By the express provisions of the Penal Code, certain portions of the Code of Civil Procedure are made applicable to criminal actions. (See sections 1046 and 1102 of the Penal Code.) Section 473 of the Code of Civil Procedure is not so incorporated.

Section 473 of the Code of Civil Procedure is to be found in part II of that code, which is entitled "Civil Actions" It appears in title VI, entitled "Pleadings in Civil Actions", and is to be found in chapter VIII of that title, which is entitled "Variance, Mistakes in Pleadings and Amendments", obviously referring to civil actions. ■ It is an elementary rule of construction that chapter and section headings in the codes are entitled to considerable weight in interpreting the various sections and should be given effect according to their import, to the same extent as though they were included in the body of the law. (23 Cal. Jur., p. 772, sec. 147.)

It should also be mentioned that in the annotations by two of the code commissioners who framed our original codes in 1872, although many cases are cited as indicative of their interpretation of the section, not one criminal case is cited. There is nothing in those annotations to indicate an intent that the section should apply to criminal cases, the reference being to the contrary. Moreover, a reading of section 473 clearly indicates that it was intended to apply only to civil proceedings.

■ Petitioner relies on three cases: *People* v. *Southern,* 118 Cal. 359 [50 Pac. 545] , *People* v. *Soto,* 8 Cal. App. 322 [96 Pac. 913], and *People* v. *Everett,* 8 Cal. App. 430 [97 Pac. 175]. In each of those cases, the appellate courts acquiesced in the trial court's granting relief in connection

with the filing of bills of exception under section 473 in criminal cases. Nowhere in the opinions filed in those three cases did the court pass on the applicability of section 473 to criminal actions. An examination of the records in the three cases indicates that the question of the applicability of the section was not raised. Its application was apparently conceded by the parties and assumed by the court. Under such circumstances, the three cases relied upon cannot be deemed to be authority for the point in question. (*Oakland Paving Co.* v. *Whittell Realty Co.*, 185 Cal. 113 [195 Pac. 1058].)

For the foregoing reasons, the alternative writ is discharged and the petition denied.

Thompson, J., Shenk, J., Preston, J., Langdon, J., Waste, C. J., and Curtis, J., concurred.