[Crim. No. 2370. In Bank.—January 5, 1922.]

## THE PEOPLE, Respondent, v. ARTHUR OWEN DAVIS, Appellant.

[1] CRIMINAL LAW—MOTION TO SET ASIDE JUDGMENT.—Where a judgment of conviction of a criminal offense is entered upon a plea of guilty, the defendant is not entitled to make a motion to set aside the judgment upon any grounds which would have been reviewable upon a motion for a new trial or upon an appeal from the judgment.

[2] ID.—ORDER DENYING MOTION—CONFLICT OF EVIDENCE—APPEAL.— An order denying a motion to set aside a judgment of conviction entered upon a plea of guilty will not be disturbed on appeal where the evidence as to every ground relied upon in support of the motion is in direct and substantial conflict.

[3] ID.—YOUTH AND IGNORANCE OF DEFENDANT—IMMATERIAL MATTERS. On an appeal from an order denying a motion to set aside a judgment of conviction entered upon a plea of guilty, the youth of the defendant and his possible misapprehension of the enormity of the crime and the severity of the penalty cannot be considered.

APPEAL from an order of the Superior Court of Shasta County denying a motion to set aside a judgment of conviction. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Martin I. Welsh and James T. Matlock for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, and Jesse W. Carter, District Attorney, for Respondent.

THE COURT.—This is an appeal from an order of the superior court of Shasta County denying the motion of the defendant to set aside the judgment of conviction of murder in the first degree entered against him upon his plea of guilty on January 20, 1921. No motion for a new trial was made by said defendant, nor was any appeal from said judgment taken by him, but on March 18, 1921, the defendant made the above motion that the said judgment be vacated and set aside and that defendant be permitted to withdraw

his plea of guilty theretofore entered and substitute a plea of not guilty to the information on file therein.

Said motion was based on the following ground, namely: "That the said plea of guilty was obtained from defendant and defendant was induced to enter said plea by coercion, fear, threats, misapprehension, persuasion, promises, assurances, inadvertence, ignorance of his rights and of the consequence of his act, without advice of counsel, without being advised of his legal rights, without proper arraignment, without being fully advised as to his rights on arraignment, without being informed or advised by counsel or by said court as to what the punishment for the crime of murder would be, without said court offering to appoint or assign counsel to aid and advise the defendant in his defense, without full knowledge of his rights, without defendant fully comprehending the serious consequences of his plea of guilty, and in violation of his constitutional and legal rights." The motion was supported by the defendant's own affidavit and by the affidavits of certain other persons presented at the hearing thereon, and was opposed by the presentation of the affidavits of the justice of the peace before whom the defendant's preliminary examination was held, of the district attorney, of the several officers of the law implicated in the charges made in the defendant's motion, and also by affidavits of several other persons who were cognizant of the circumstances surrounding the defendant's arrest, imprisonment, examination, arraignment, plea, judgment, and sentence. The official record of the proceedings of the court was also presented in opposition to said motion. The court denied said motion, and from its order to that effect this appeal has been taken.

[1] In the case of *People* v. *Mooney,* 178 Cal. 525, [174 Pac. 325] it was held that a proceeding by way of motion to set aside the judgment when made after the judgment has been rendered and become final, and after a motion for new trial has been made, or the time therefor has expired, is in the nature of an application for a writ of *coram nobis* at common law. It was further held in that case that where remedies exist by statute which did not exist at common law, the office and function of the writ are abridged thereby, and in such cases the writ is unavailable. These remedies are the right to appeal and to make a motion for a new trial,

and where they are provided by statute, to that extent an application for a writ of *coram nobis* cannot be entertained. Upon the hearing of the defendant's motion in the trial court no objection was made to the presentation of any of the various matters urged by the defendant as the bases of said motion, nor has any such objection been urged here; but notwithstanding this state of the record this court in entertaining and passing upon this appeal is not to be understood as holding that as to any of the grounds urged by the defendant in support of his said motion, which would have been reviewable upon motion for a new trial or upon appeal from the judgment, he was entitled to make said motion or to have the order denying the same reviewed upon this appeal.

[2] With respect to the other grounds upon which the defendant predicated his said motion and which were triable thereon, as, for example, the ground that the defendant's plea of guilty was extorted from him by coercion or induced by wrongful persuasions, promises, assurances, or threats, we do not consider it necessary to set forth in detail the evidence presented *pro* and *con* in regard to these matters. We have fully examined the record and have satisfied ourselves that as to all such matters, in fact, as to every ground relied upon by the defendant in support of his said motion, the evidence is in direct and substantial conflict. We may even go further and say that upon the face of the record the preponderance of such evidence is in favor of the proposition that the defendant's plea of guilty was not induced by coercion, or threats, or improperly created fears, or by improper or deceiving persuasions or assurances, and that the defendant's consent to interpose said plea and his subsequent action in declining to avail himself of the aid and advice of counsel, and in consenting to a speedy hearing upon his said plea and to the entry of an immediate judgment thereon, were not procured or induced by any improper conduct on the part of the officers of the law, nor of any failure or neglect on the part of the justice conducting the defendant's examination or the trial judge presiding at his trial in the performance of the duties required of them by law to be performed for the defendant's protection, and that the proceedings attending his arrest, detention, examination, arraignment, trial, and sentence

were in all respects regular. This being the state of the record, we are constrained to hold that the trial court acted within the bounds of a proper discretion in denying the defendant's motion, and hence its action in so doing will not be disturbed upon appeal.

[3] The appellant urges certain matters upon this appeal relating to the defendant's youth and possible misapprehension as to the enormity of his final crime and as to the severity of the penalty following the perpetration of such a crime; but these are matters which, while properly presentable to the court pronouncing judgment, and while still presentable to the pardoning power upon an appeal for the exercise of clemency, have no place or potency in this tribunal, occupied, as it must be, solely in a consideration of the legal questions presented upon such an appeal.

Order affirmed.

Richards, J., *pro tem.*, Shaw, C. J., Wilbur, J., Sloane, J., and Shurtleff, J., concurred.