[Crim. No. 1754. First Appellate District, Division One.—November 28, 1933.]

THE PEOPLE, Respondent, v. FRANK J. EGAN, Appellant.

Vincent W. Hallinan for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

THE COURT.—The appellant Frank J. Egan and Albert J. Tinnin were tried jointly and found guilty of first degree murder, the jury fixing the penalty at life imprisonment; and on September 14, 1932, they were sentenced ac-

cordingly. Throughout the trial they were represented by separate counsel, and each filed a separate notice of appeal. Egan's notice was filed the day sentence was pronounced, but he took no steps whatever to obtain a record on appeal; and on July 24, 1933, the attorney-general moved for a dismissal.

■ Section 7 of Rule II of the Rules for the Supreme Court and District Courts of Appeal, relating to appeals in criminal cases, provides: " . . . the appellant must, within five days after giving notice of the appeal, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal shall be dismissed. . . . " As indicated, no such application was ever filed or presented by appellant; nor was any attempt made otherwise to obtain a record on appeal; and it has been repeatedly held that the provisions of the foregoing rule are mandatory and that upon failure to comply with the requirements thereof the appeal must be dismissed. (*People* v. *Vincent,* 116 Cal. App. 211 [2 Pac. (2d) 460]; *People* v. *Martin,* 127 Cal. App. 93 [15 Pac. (2d) 202]; *People* v. *Sullivan,* 123 Cal. App. 436 [11 Pac. (2d) 420]; *People* v. *Rutledge,* 114 Cal. App. 728 [300 Pac. 828]; *People* v. *Schroeder,* 112 Cal. App. 550 [297 Pac. 105]; *People* v. *Greve,* 129 Cal. App. 558 [19 Pac. (2d) 23].)

■ In opposition to the granting of the motion appellant contends that the transcripts prepared and filed in Tinnin's appeal are available to appellant as the record on his appeal; but in the absence of any order of the trial court or stipulation of counsel to that effect it cannot be so held for the reason, among others, that Tinnin's application for the preparation of the transcripts was filed and presented in his own behalf, his co-defendant Egan not being mentioned or referred to therein; and without authentication by the trial court to that effect we have no way of knowing that the transcripts in the Tinnin appeal contain all the matters upon which appellant's appeal may be fully and fairly determined.

The motion is granted, and accordingly the appeal is dismissed.