[Crim. No. 2392. First Dist., Div. Two. Apr. 10, 1946.]

THE PEOPLE, Respondent, v. FRANK EGAN, Appellant.

Elizabeth Cassidy for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and Norman Elkington, Assistant District Attorney for Respondent.

NOURSE, P. J.—On June 6, 1932, Frank Egan, who was then public defender of the city and county of San Francisco, was indicted jointly with Albert Tinnin and Verne Doran for the murder on April 29, 1932, of Mrs. Jessie Scott Hughes. Upon their demand for separate trials a severance was granted as to Doran but denied as to the other two defendants. At the time of arraignment and before entry of plea defendants Egan and Tinnin moved to set aside the indictment but the motion was denied. Doran confessed to the murder, turned state's evidence, and subsequent to the conviction of Egan and Tinnin pleaded guilty to manslaughter; he was sentenced to San Quentin for the time prescribed by law and was released on parole in November of 1934. As a result of Doran's testimony, together with other

evidence connecting them with the crime, Egan and Tinnin were found guilty of first degree murder and on September 14, 1932, were sentenced to life imprisonment. After denial of their motions for new trial each defendant filed a separate notice of appeal. Tinnin completed his appeal and the judgment against him was affirmed in *People* v. *Tinnin,* 136 Cal. App. 301 [28 P.2d 951], wherein a full statement of the facts is recited. Egan failed to perfect his appeal within the time prescribed by law and on November 28, 1933, upon motion of the attorney general, the appeal was dismissed. (*People* v. *Egan,* 135 Cal.App. 479 [27 P.2d 412].)

A petition by Egan for a writ of habeas corpus was denied by the state Supreme Court on September 15, 1938. On February 2, 1942, Frank Egan, on behalf of himself and Albert Tinnin, filed a second petition for a writ of habeas corpus with the same court. The writs were issued and Judge Edward I. Butler of Marin County was appointed as referee to hear testimony on the questions of whether any witness at the original trial committed perjury, whether, in the event that perjury was committed, the prosecution permitted any testimony to be introduced knowing that it was perjured and, finally, whether Frank Egan was deprived of counsel during the trial. After numerous hearings Judge Butler filed his findings and report with the Supreme Court, adverse to Egan and Tinnin. Exceptions to the report were filed by the petitioners and the matter was argued and submitted. On June 5, 1944, the court rendered its decision against the parties, discharging the writs and remanding petitioners to custody. (*In re Egan,* 24 Cal.2d 323 [149 P.2d 693].) A petition for writ of certiorari was denied by the United States Supreme Court on December 4, 1944. (*Egan* v. *California,* 323 U.S. 785 [65 S.Ct. 272, 89 L.Ed. 626].)

On September 5, 1945, the instant proceedings were commenced by the filing of a motion to set aside the indictment as to defendant Frank Egan and a motion to annul, vacate and set aside the judgment of conviction of defendant Frank Egan, together with supporting affidavits. The former motion was based upon seventeen grounds to the general effect that the indictment was obtained on incompetent, improper and insufficient evidence. The motion to set aside the judgment was based upon forty-one grounds wherein it was alleged principally that the judgment was secured by perjured testimony with the connivance of the prosecution. These motions were

argued in the court below and upon submission the court made an order denying each motion on the ground that it had been untimely made. Separate notices of appeal were filed from the order denying the motion to set aside the indictment and from the order denying the motion to set aside the judgment.

█ In support of his appeal from the order denying the motion to set aside the indictment the appellant has presented a lengthy and repetitious argument in an attempt to show that the indictment based upon the testimony of Doran was void and should be dismissed. Such an argument cannot be considered at this late date either by the trial court or by this court on appeal. The records indicate that upon arraignment and before entry of plea Egan and Tinnin made a motion to set aside the indictment. The law is well settled that such a motion under section 995 of the Penal Code must be made in the court in which the accused is arraigned before demurrer or plea and that a failure to so move at that time constitutes a waiver of any future objections. (Pen. Code, § 996; *People* v. *Kellogg*, 6 Cal.2d 448, 454 [57 P.2d 1305] ; *People* v. *Harris*, 219 Cal. 727, 730 [28 P.2d 906] ; *People* v. *Stacey*, 34 Cal. 307, 308; *People* v. *Linton*, 102 Cal.App. 608, 611 [283 P. 389].

█ Upon denial of the motion made on arraignment the appropriate remedy of the accused would be the filing of a petition for a writ of prohibition to restrain the lower court from proceeding with the trial. (*Greenberg* v. *Superior Court*, 19 Cal.2d 319, 323 [121 P.2d 713].) The motion involved in the instant appeal was not made until thirteen years after the entry of judgment at the time when this remedy was not available to the appellant. The trial court would not be permitted to entertain a motion to set aside a final judgment on the ground of insufficiency of the indictment (*People* v. *Wallington*, 77 Cal.App. 366 [246 P. 815]) and it was correct in holding that the indictment could not be set aside subsequent to the entry of the judgment.

█ However, even if the motion to set aside the indictment had been made at a seasonable time an appeal would not lie directly from the order denying the motion. (Pen. Code, § 1237; *People* v. *Simmons*, 119 Cal. 1, 2 [50 P. 844] ; *People* v. *Wilde*, 42 Cal.App.2d 482, 485 [109 P.2d 415] ; *People* v. *Izlar*, 8 Cal.App. 600, 602 [97 P. 685].) The order would be reviewable only on appeal from the judgment itself. (*People* v. *Duncan*, 50 Cal.App.2d 184, 188 [122 P.2d 587].)

Hence the attempted appeal from the order denying the motion to set aside the indictment must be dismissed. (*People* v. *Calkins,* 8 Cal.App.2d 251, 253 [47 P.2d 544].)

■ On his appeal from the order denying the motion to set aside the judgment the appellant attempts to argue the case on its merits as though it were an original appeal from the judgment. The main contentions on this appeal seem to be that Egan was convicted upon the perjured testimony of Verne Doran and that he was deprived of counsel during the trial. The identical issues were before the Supreme Court in the previous habeas corpus proceeding. As stated above, testimony was taken on these issues and the report of the referee, excepted to by appellant, was argued and submitted. In its decision (*In re Egan, supra*) the court stated at page 335: "On such a record there is no basis whatsoever for a tenable conclusion that the petitioners or either of them were convicted on testimony as to any material matter which was false, or that the prosecuting officials or any other representatives of the State suffered the introduction of false testimony knowing it to be false." It was also held in that proceeding that Egan was not deprived of the service of counsel, the court stating at page 339: "Finally, the petitioners are making a collateral attack on judgments rendered ten years before this particular proceeding was initiated. The burden was upon them to show that they were deprived of some constitutional right. Neither has established such a deprivation on the basis of alleged false testimony given at the trial, and neither has proved that he was deprived of the assistance of counsel in a substantial sense. (*Johnson* v. *Zerbst,* 304 U.S. 458, 468 [58 S.Ct. 1019, 82 L.Ed. 1461].) The court therefore would not be justified in declaring the judgments void." Hence the grounds of the motion and the issues argued on this appeal are identical with the issues finally adjudicated in the prior habeas corpus proceedings between the same parties. The prior judgment must be held, therefore, to operate as an "estoppel or conclusive adjudication" on those issues. (*Sutphin* v. *Speik,* 15 Cal.2d 195, 201 and 202 [99 P.2d 652, 101 P.2d 497]; *In re Stratton,* 133 Cal.App. 738, 740 [24 P.2d 832].)

■ Further, the motion herein to set aside the final judgment of conviction, having been made after a new trial was denied and after the time for granting a new trial had expired, was in the nature of an application for a writ of error *coram*

*nobis* at common law. (*People* v. *Mooney,* 178 Cal. 525, 528 [174 P. 325]; *People* v. *Butterfield,* 37 Cal.App.2d 140, 142 [99 P.2d 310]; *People* v. *Kretchmar,* 23 Cal.App.2d 19, 22 [72 P.2d 243], and authorities cited therein.) "The writ of error coram nobis is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court." (1 Freeman on Judgments, 5th ed., § 256; *People* v. *Gilbert,* 25 Cal.2d 422, 442 [154 P.2d 657]; *People* v. *Mooney, supra,* 528.) It is well settled that the writ may not be used to cure irregularities occurring at the trial except in such circumstances of extrinsic fraud which actually deprived the petitioner of a trial on the merits. (*People* v. *Schwarz,* 201 Cal. 309, 314 and 315 [257 P. 71]; *People* v. *Reid,* 195 Cal. 249, 258 [232 P. 457, 36 A.L.R. 1435]'; *People* v. *Mooney, supra,* at p. 529; *People* v. *Lewis,* 64 Cal.App.2d 564, 565 [149 P.2d 27]; *People* v. *Deutsch,* 16 Cal. App. 2d 121, 122 [60 P.2d 155].)

 In view of the narrow limits placed on the application of the writ it seems that appellant, in arguing the merits of his case, has misconceived the scope of the remedy attempted to be invoked. The authorities cited above are unanimous in holding that the writ of *coram nobis* cannot be utilized to set aside a judgment in a case in which the defendant was given a full trial on the merits. Appellant's contentions relative to a deprivation of counsel and the verity of the testimony at his trial cannot be here considered. In connection with the latter argument the court in the Mooney case held in a similar situation at pages 529 and 530: " 'In the trial of the case of Thomas J. Mooney the truth or falsity of the testimony of the witnesses, Oxman and Edeau, was a part of the issue submitted to the jury, and that issue, upon the return of the verdict, became an adjudicated issue of fact which cannot now by the writ of *coram nobis* be readjudicated. The remedy in such case is by motion for a new trial, and if newly discovered evidence is too late in its production, its consideration cannot be brought about under the guise of a motion to vacate the judgment upon the ground of fraud. The defendant in such case is without remedy.

" 'In this state it is the settled law that a judgment cannot be set aside because it is predicated upon perjured testimony

or because material evidence is concealed or suppressed. The fraud which is practiced in such cases upon both the court and him against whom the judgment is pronounced is not such fraud as is extrinsic to the record; and it is only in cases of extrinsic fraud that such relief may be had. (*Pico* v. *Cohn*, 91 Cal. 134 [25 Am.St: Rep. 159, 13 L.R.A. 336, 25 P. 790, 27 P. 537]; *In re Griffith*, 84 Cal. 112 [23 P. 528, 24 P. 381]; *Allen* v. *Currey*, 41 Cal. 321.)' "

There is another reason why the remedy sought by the appellant in this proceeding was not available to him. The records show that Egan made a motion for a new trial and that he filed a notice of appeal which he failed to perfect. The authorities are unanimous in holding that where remedies exist by statute which were not available at common law, the right to make a motion for a new trial and to appeal, the writ of *coram nobis* cannot be entertained. (*People* v. *Reid, supra,* 255 and 256; *People* v. *Davis,* 187 Cal. 750, 751 [203 P. 990]; *People* v. *Mooney, supra,* at p. 529.)

Finally, in this case the judgment of conviction was entered on September 14, 1932, and the within motion to vacate that judgment was not filed until September 5, 1945, approximately thirteen years later. Upon this showing the lower court denied the motion on the ground that it was untimely made. The courts of this state require that a showing of diligence be made in the application for a writ of error *coram nobis.* (27 Cal.L.Rev. 232.) It was held in *People* v. *Black,* 114 Cal.App. 468, 473 [300 P. 43], that the writ should be applied for at or near the time of moving for a new trial, and in *People* v. *Vernon,* 9 Cal.App.2d 138, 142 [49 P.2d 326], that the application must be "within a reasonable time" after the entry of judgment. In applying these rules the courts have held that six years and eight months was an untimely delay (*People* v. *Lumbley,* 8 Cal.2d 752, 761 [68 P.2d 354]), that a six and one-half years' delay was unreasonable (*People* v. *Lewis, supra*), that six years was too long a period (*Vernon* v. *Rappaport,* 25 Cal.App.2d 281 [77 P.2d 257]), and that a delay of five years was unreasonable (*People* v. *Harincar,* 49 Cal.App.2d 594, 596 [121 P.2d 751]). In view of these authorities, all of which involved a considerably shorter period of delay than was shown to exist in the present litigation, the lower court had no alternative but to deny the motion on the ground that it was not seasonably made.

The appeal from the order denying the motion to set aside

the indictment is dismissed. The order denying the motion to annul, vacate and set aside the judgment of conviction is affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 9, 1946.