**THOMAS v. DUFFY, Warden.**

No. 223.

United States Court of Appeals Ninth Circuit.

Aug. 31, 1951.

Henry Thomas, in pro. per.

Edmund G. Brown, Atty. Gen. State of California, Clarence Linn, Deputy Atty. Gen., for respondent.

DENMAN, Chief Judge.

Thomas seeks my order certifying that he has probable cause for an appeal from (a) the denial of his application to the United States District Court for the Northern District of California for a writ of habeas corpus to the above Warden, and (b) the denial of a stay of the execution of a death sentence of the Superior Court of the State of California, Siskiyou County.

The death sentence was ordered to be executed before 12 o'clock noon of August 31, 1951, and the Warden had fixed the hour and prepared the gas chamber for the execution at 10 o'clock a. m. It was not until 9:15 a. m., before the hour so fixed, that Thomas' petition to me was served. At 9:30 a. m. I stayed the execution until 11 a. m. for time to give consideration to his application.

Thomas, a Negro, is not a lawyer and claims he has had no prior experience in criminal litigation. He had no attorney in his proceedings below nor in the Supreme Court of California where he filed his petition for a writ of habeas corpus, which was denied him. People v. Thomas, Cal.Sup., 230 P.2d 351. His application to the court below incorporated his petition for the writ to the California Supreme Court and made its allegations the basis of his application below and the district court properly so treated it. Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761; Price v. Johnston, 334 U.S. 266, 291, 292, 68 S.Ct. 1049, 92 L.Ed. 1356; Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392.

The staying of a death sentence an hour and a half away is a summary matter. An Assistant Attorney General of the State of California appeared before me to oppose the stay and he brought with him the petition for the writ in the Supreme Court of that state and the record of proceedings there.

It further appeared that the petition had been filed on August 20, 1951, and that its denial was delayed until August 28, 1951, but three days before the date of execution of the sentence. It is obvious that a petition to the United States Supreme Court for a writ of certiorari could not be prepared by such a pleader in three days' time. Yet no stay of execution was ordered by the State Supreme Court.

The application below is identical with the petition to the State Supreme Court. It alleges controvertible facts of matters *dehors* the record of the criminal trial. It was not answered by the Warden and no

opposition was made by the state's legal officers. Nevertheless it was denied.

■ ■ The function of a circuit judge in determining whether there is probable cause for appeal is not to decide the issue contended to have been erroneously decided below. He is to determine whether there is a substantial question for this court's decision. In no case I have ever considered has the question been more substantial.

The application below and the State petition for the writ alleged that while in jail the following occurred in a conference with the Sheriff who had handled the investigation:

"This Sheriff said I couldn't miss getting gassed if I let a jury decide it. But he said that he had known the judge who sentenced me for eleven years and never during that time did the judge sentence anybody to death who pleaded guilty. The Sheriff said that a jury wouldn't like the idea of me, a young colored man from out of the county, being mixed up in a robbery where a white lady got shot and killed. He also said everybody in the county was all worked up over what had happened and that I better cooperate because if I didn't he might let word get around and some people might not wait for a trial but might come and string me up. I got scared, real scared. I told him I had never been mixed up in anything like that before and that I was drunk when it happened. I told him I had been in the Army 31 months and spent 11 months in the Philippines and that I had an honorable discharge and wouldn't that help me? He told me that it wouldn't make any difference with a jury but it sure would with the judge. He told me I better cooperate and if I kept my mouth shut and cooperated and did like he said and plead guilty and didn't cause anybody any trouble he would promise to get me life.

"When I was in jail waiting the jailman told me I better do what the Sheriff said."

Here are the uncontested allegations that the indicted Thomas pleads guilty on the threat of the Sheriff that if Thomas does not do so the Sheriff "might let word get around" that he had not so pleaded to a community "all worked up" over a Negro killing a white woman, which might not wait for a trial but might "string" him up.

No allegation of facts could present a stronger case for the contention than that the United States Supreme Court, on certiorari, had denounced such conduct by state officers and therefore had reversed the judgments denying the applications for writs of habeas corpus. Such was the case of Moore v. Dempsey, 261 U.S. 86, 89, 43 S.Ct. 265, 67 L.Ed. 543; cf. Lisenba v. People of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166. The cases considering the coercive and corrupt action of state officers are Mooney v. Holohan, 294 U.S. 103, 110, 55 S.Ct. 340, 79 L.Ed. 791; White v. Texas, 310 U.S. 530, 532, 60 S.Ct. 1032, 84 L.Ed. 1342; Chambers v. State of Florida, 309 U.S. 227, 230, 60 S.Ct. 472, 84 L.Ed. 716; Brown v. Mississippi, 297 U.S. 278, 281, 56 S.Ct. 461, 80 L.Ed. 682; Ziang Sun Wan v. United States, 266 U.S. 1, 3, 45 S.Ct. 1, 69 L.Ed. 131; Wilson v. United States, 162 U.S. 613, 616, 16 S.Ct. 895, 40 L.Ed. 1090.

The Attorney for the State urges that this is but another of the cases in which convicted men have at the last moment sought the writ of habeas corpus, hoping to obtain no more than a few weeks or months longer to live. This is not such a case, for Thomas alleges that he had waited two months and twenty-five days for the granting of a plea for executive clemency to the Governor of California which had not been acted upon until the day August 20, 1951, when he filed his petition to the State Supreme Court, a fact that the State's Attorney does not controvert.

It is also argued that Supreme Court Justice Jackson had denied Thomas a stay of execution on August 30, 1951. My telephone to the Clerk of the Supreme Court of the United States confirms this but it appears that in the petition to Justice Jackson no mention was made of the allegations of the petition to the California Supreme Court respecting the coercive conduct of the Sheriff, nor that the court had without answer from the Warden disposed of the

petition without counsel and without opinion.

With regard to the contention that Thomas has not exhausted his state remedies, the above facts clearly constitute the exceptional circumstances of 28 U.S.C. § 2254.

Upon this opinion rests the order today made certifying the existence of probable cause for an appeal and staying Thomas' execution.