John COLLINS, Petitioner,

v.

Robert A. HEINZE, Warden of California State Prison at Folsom, Respondent.

No. 7005.

United States District Court
N. D. California, N. D.

March 4, 1954.

Petitioner, pro se.

Edmund G. Brown, Atty. Gen., of California, for respondent.

LEMMON, District Judge.

Collins, now confined in the California Penitentiary at Folsom under sentence by a California court after conviction by a jury of the crimes of burglary in the first degree, assault with a deadly weapon and grand theft, seeks release here through the writ of habeas corpus.

An order to show cause why the writ should not issue was entered herein. In response thereto the Attorney General of California has filed a return on behalf of respondent together with a record of the proceedings in the state trial court, including a transcript of the testimony at the trial and a transcript of the proceedings taken at the time of the discharge of the Public Defender as counsel for him.

Collins appealed the judgment to the District Court of Appeal of the State upon the grounds essentially the same as those which he sets forth in his petition to this court. The judgment of the trial court was affirmed. People v. Collins, 117 Cal.App.2d 175, 255 P.2d 59. A petition for a rehearing addressed to that court, a petition to the Supreme Court of the State of California for a hearing and a petition for certiorari to the Supreme Court of the United States were all denied, 346 U.S. 803, 74 S.Ct. 33.

188

Most of the grounds which he advances refer to errors which he asserts occurred to his prejudice during the trial. These were considered on appeal. Ordinarily a federal court should not issue the writ under such circumstances. Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647; Holiday v. State of Maryland, 4 Cir., 177 F.2d 844. But since it is claimed that his federal constitutional guarantees have been violated this court must review and has carefully reviewed the record in his case.

This court may not consider such matters as are alleged here for the first time. If he raises issues here which were not raised on the appeal he must allege that they were raised by habeas corpus in the state courts and that he has exhausted his remedies there.

Neither are the allegations that false testimony was used sufficient for this court to consider. Conflicts in the testimony of a witness and between the testimony of witnesses are common at trials. Petitioner disputes the word of certain of the witnesses. He gave his version at the trial. The conflicts were resolved by the jury. This court is not to be expected to retry the issues which were thus disposed of in the state court.

When the petitioner seeks redress in a federal court from imprisonment after judgment of conviction in a state court, the federal court must assume that the state courts were alert to correct any violation of the petitioner's federal constitutional rights. The burden is upon the petitioner to show otherwise.

The contention that petitioner was denied right to counsel is not sustained by the record. Being without funds the Public Defender was appointed to represent him. As the District Court of Appeal observed, [117 Cal.App.2d 175, 255 P.2d 63] "It has been judicially declared that the public defender of Los Angeles County and his staff have higher than average ability in defending criminal actions. People v. Adamson, 34 Cal.2d 320, 333, 210 P.2d 13". Peti-

tioner would not cooperate with his counsel and therefore the deputy public defender asked for and was relieved from further duty to represent petitioner. Thereafter he conducted his own case, this in the face of strong advice offered by the trial judge that he should have counsel. He did not ask that the court appoint other counsel and appeared content to conduct his own case. Counsel could not be forced upon him against his will.

A constitutional right, like any other right, may be waived; and while the constitutional right to have the benefit of counsel is a valuable and sacred one, and one that should never be denied or abridged, it is not a compulsory right; or, to put it in plain and simple words, if the defendant does not desire the assistance of counsel, but prefers to act as his own lawyer, he has that right also.

The appointed counsel could not be expected and should not be required to continue to carry this heavy burden of responsibility handicapped, as he would have been, by a dissatisfied client.

Petitioner was not a stranger in criminal courts. He had previously suffered a felony conviction and a term of imprisonment. This is a circumstance that may properly be considered in determining whether he understandingly waived counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

The following is taken from the record of proceedings had at the time the Public Defender was discharged:

"Mr. Powell. If your Honor please, I now move to advance this matter, which is on the trial calendar for the 13th of May, for the purpose of making a motion to be relieved as counsel for the defendant.

"The Court. Is that your desire, Mr. Collins, to substitute some other attorney in place of the Public Defender?

"The Defendant. Yes.

"Mr. Powell. Well, he indicates to me that he has no private coun-

sel but that he does not desire my services in any sense of the word. He won't cooperate with me in preparing for his defense and has told me that he has no desire to be represented by my office or myself.

"The Court. Very well. Is that what you want to do?

"The Defendant. Yes. I would rather defend myself.

"The Court. Very well. The Public Defender is ordered relieved and the record will so show."

Petitioner disputes the correctness of the above. Be that as it may, his own statement contained in his "Answer to Court's Letter And Respondent's Supplement And Motion To Subpoena Record On Appeal" may be accepted for the purpose of this court's ruling. Therein he states,

"It is the petitioner's contention in this respect that the Public Defender, Elias Powell, told the petitioner that he would defend him only upon the condition that he avoid questioning the witnesses, and when the petitioner told him that he had a right to defend in person as well as with counsel the Public Defender moved to be relieved as petitioner's counsel.

"The petitioner told the trial judge that he wanted to reserve the right to cross-examine the witnesses, and that he had no confidence in the Public Defender because he objected to this procedure. Whereupon the judge accepted the Public Defender's motion to be relieved as counsel for the petitioner."

It should be also noted petitioner in his brief to the District Court of Appeal said,

"On March 24th, in the Superior Court at Santa Monica, without the consent of the Appellant who was satisfied with Public Defender, John Cole, who represented him at the preliminary examination, Public Defender Elias Powell was appointed as Counsel for the Appellant. Mr. Powell consulted with the Appellant in the crowded attorney Room at the Los Angeles County Jail. It was there that Mr. Powell tried to persuade Appellant to plead guilty. Mr. Powell told Appellant that he would defend him only upon the condition that Appellant avoid questioning the witnesses and let him (Mr. Powell) handle the entire matter. Appellant told Mr. Powell, that he would not give up his right to defend in person as well as with counsel."

█ Thus it is clear that petitioner insisted that he had and intended to reserve and exercise the right to examine witnesses at the trial and in general inject himself into the proceedings. Counsel appointed to defend a person accused of crime has a heavy responsibility and a solemn duty. It would have been his obligation to determine what questions should or should not be asked, what objections and motions should be made and, in general, all procedural steps in the case. He would be unable to properly discharge his duty thus encumbered. Few lawyers would care to carry on under such embarrassing and frustrating conditions; none should be required to do so. Quite properly he asked and was given his discharge. The court does not recognize anyone in the conduct of the case for a party thereto except his attorney of record, where the party does not appear in propria persona. A party may appear in his own proper person, or by attorney. By insisting that it was his right "to defend in person" and stating that he would insist in interrogating witnesses at the trial, petitioner effectively and understandingly waived his right to counsel.

The right to counsel may under peculiar circumstances include the right to have appointed counsel discharged or other counsel substituted. Should it appear that failure to do so would impair the right, it would be the duty of the court to so act. But the court's duty so to do arises only when there is a satis-

factory showing that the right would be substantially impaired if the court failed to act. Though the accused, if sui juris, has the absolute right of proceeding without counsel, and the right to discharge qualified counsel without reason, yet if he does so, his act is tantamount to a waiver of the right. Furthermore, by insisting that he would exercise the functions and duties of his counsel and manage his own defense he thereby by implication waived counsel.

As noted, on appeal and for the first time the claim was made that petitioner's dissatisfaction with his appointed counsel was due to the latter's advice that petitioner plead guilty. There is no statement that this advice was either improper or unsound. Subsequent events prove that the advice was proper. It may not be said that the giving of the advice showed incompetence. In any event, this was not stated by the petitioner to the judge as a reason for his dissatisfaction. His reason given was "I would rather defend myself". If he lacked confidence in the Public Defender or was for some other reason dissatisfied with that official's services, the basis thereof was not stated. Under such circumstances I do not conceive it to be the duty of the court to appoint some other lawyer to serve him. Petitioner in discharging the competent appointed lawyer under the facts appearing here, including his statement to the court just quoted, in effect conveyed to the court a desire to waive counsel and to conduct his own defense. The waiver may be, as it must be here, implied. In re Connor, 16 Cal.2d 701, 108 P.2d 10.

The claims put forth in the instant petition which were advanced on the appeal from the judgment were there considered and adequately disposed of. The record of the proceedings at the trial have been here reviewed. The conclusions reached by the reviewing court are all sound and well within the range of its authority. The guilt of petitioner is amply supported by the evidence. He was afforded a fair trial. No unusual circumstances prompting the issuance of the writ appear. This Court is satisfied that petitioner's federal constitutional rights have been protected. A repetition of the trial in this Court is not required.

The petition is denied.