Frank EGAN, Appellant,

v.

Harley O. TEETS, Warden, San Quentin, California, Appellee.

No. 15478.

United States Court of Appeals
Ninth Circuit.

Dec. 26, 1957.

572

Frank Egan, San Francisco, Cal., in pro. per.

Edmund G. Brown, Atty. Gen., Clarence A. Linn, Asst. Atty. Gen., Arlo E. Smith, Deputy Atty. Gen., for appellee.

Before LEMMON, FEE, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This is an appeal by Frank Egan from an order denying his application for a writ of habeas corpus.

In 1932, Egan was tried and convicted in the Superior Court of the City and County of San Francisco, California, on a charge of first degree murder. On September 14, 1932, that court imposed a sentence of life imprisonment, which Egan began serving on October 1 of that year. Since that time, and until October 1, 1957, he was incarcerated in the California state prison at San Quentin. During his imprisonment, Egan made numerous attempts to gain his freedom by means of court action of one kind or another. In all of these previous efforts he was unsuccessful.[1]

The instant application was filed in the district court on November 1, 1956. It was denied on that court's own motion, without issuance of a writ or an order to show cause, and without hearing, on November 7, 1956. On November 23, 1956, the district court denied Egan's petition for rehearing, and, on December 5, 1956, denied his application for a certificate of probable cause. Such a certificate was granted by a judge of this court on December 28, 1956, thus enabling Egan to maintain this appeal. See 28 U.S.C.A. § 2253.

On October 1, 1957, after having served twenty-five years in prison, Egan was released on parole. The terms of the parole specify conditions restricting his conduct in certain particulars. The violation of such conditions could result in his detention or return to prison. He also remains under supervision, and is required to make written monthly reports to the Division of Adult Paroles.

Appellee has suggested that Egan's release on parole during the pendency of this appeal renders the appeal moot. We hold that it does not. Dickson v. Castle, 9 Cir., 244 F.2d 665.

In dismissing the instant application without issuance of a writ of habeas corpus or an order to show cause, and without hearing, the district court apparently invoked a provision of 28 U.S.C.A. § 2243. This statute provides, among other things, that a court, justice,

1. People v. Egan, 135 Cal.App. 479, 27 P.2d 412 (appeal from conviction dismissed on November 28, 1933); In re Egan, California Supreme Court, Crim. No. 4190, unreported (application for writ of habeas corpus denied on September 26, 1938); In re Egan, 24 Cal.2d 323, 149 P.2d 693, certiorari denied Egan v. People, 323 U.S. 785, 65 S.Ct. 272, 89 L.Ed. 626 (application for writ of habeas corpus denied on June 5, 1944); People v. Egan, 73 Cal.App.2d 894, 167 P.2d 766, certiorari denied Egan v. State of California, 329 U.S. 753, 754, 67 S. Ct. 91, 91 L.Ed. 649 (application for writ of coram nobis denied on April 10, 1946); Egan v. People, United States District Court, Northern District of California, Southern Division, D.C.Civ.No. 26700–Y, unreported (application for writ of habeas corpus denied on April 11, 1947); Egan v. Teets, California Supreme Court, Crim. No. 5863, unreported, cert. den., 352 U.S. 853 (application for writ of habeas corpus denied on April 18, 1956); Egan v. Teets, California Supreme Court, Crim. No. 5891, unreported (application for writ of habeas corpus denied on May 9, 1956).

or judge entertaining an application for such a writ shall forthwith award the writ or issue an order to show cause why the writ should not be granted, "unless it appears from the application that the applicant or person detained is not entitled thereto."

On appeal, Egan contends, in effect, that one or more of the grounds stated in his application are meritorious, and that it was therefore error to dismiss his application without issuance of an order to show cause, and without a hearing.

█ The ground advanced in Egan's application which led to issuance of the certificate of probable cause is that (to quote from his application) "he was denied of his rights to appeal from his conviction. * * *" This allegation has reference to the fact that Egan's original appeal to the California District Court of Appeal, following his conviction and sentencing, was dismissed by that court for the reason that, after timely filing of his notice of appeal, he took no steps whatever to obtain a record on appeal. People v. Egan, 135 Cal.App. 479, 27 P.2d 412, decided November 28, 1933.

After quoting the applicable court rule,[2] the California District Court of Appeal said:

"* * * As indicated, no such application was ever filed or presented by appellant; nor was any attempt made otherwise to obtain a record on appeal; and it has been repeatedly held that the provisions of the foregoing rule are mandatory, and that, upon failure to comply with the requirements thereof, the appeal must be dismissed. * * *"

In the order here under review, the United States District Court did not separately discuss the several grounds set out in the application. It was there stated, however, that the only grounds asserted in the application which are supported by specific factual allegations were previously presented and, after hearing, determined adversely to Egan, on April 11, 1947, in the prior proceedings (Civ. No. 26700–Y) in the same court.[3] The ground now under discussion—denial of the right to appeal—was not presented and adjudicated in these prior proceedings. It follows that this particular ground must have been rejected because, in the view of the district court, it was not supported by specific factual allegations.

It is true that the application for a writ of habeas corpus does not, itself, contain any specific factual allegations in support of the asserted ground under discussion. Attached to the application, however, are a number of exhibits, one of which contains some recitals which were thought sufficiently pertinent to this particular charge to warrant issuance of a certificate of probable cause. The exhibit in question is a copy of the application for a writ of habeas corpus, dated March 5, 1956, which Egan filed in the Supreme Court of California in Egan v. Teets, Crim. No. 5863, referred to in footnote 1.

In this exhibit, it is stated, in effect, that Egan's handwritten notice of appeal, prepared and delivered to the clerk of the trial court immediately after sentence was pronounced, was delivered to, but suppressed by, the trial judge. This further statement is then made:

2. Section 7 of Rule II for the Supreme Court of California and California District Courts of Appeal, relating to appeals in criminal cases, then provided: "* * * the appellant must, within five days after giving notice of the appeal, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the

points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal shall be dismissed. * * *" Now West's Ann.Rules on Appeal, rule 33.

3. See footnote 1.

"This notice of appeal was set up from your petitioner's access to daily transcripts, of the hearing setting out in details of all deprivals, of his rights, threats of and against counsel, about stopping this hearing, Etc. The Arbitrary dismissal of Mrs. Rand a Juriour * * * 'Without asking the juriour.' [sic]"

The statement just quoted is subject to varying interpretations. It seems to us, however, that its intended purport may have been that the described handwritten document was, in effect, an application and designation of the kind referred to in the quoted court rule, and that, had it been filed at the time it was delivered to the judge, there would have been substantial compliance with such rule. This interpretation of the quoted recital finds confirmation in this statement in Egan's opening brief on appeal:

"* * * He solemnly swears that he submitted portions of the Trial Transcript and a memorandum of legal points to the Trial Judge, in compliance with Rules of the Supreme Court and the District Court of Appeal, effective September 1st, 1928 * * * *"[4]

We will therefore regard the quoted recital in the exhibit attached to Egan's application as a specific factual allegation that a document, timely delivered to the trial judge in an attempt to comply, substantially, with the court rule in question, was suppressed by that judge.[5]

The fact that this recital is contained in an exhibit attached to the application, rather than in the application itself, is of no moment in proceedings of this kind. The application must meet the statutory test of alleging facts which entitle the applicant to relief. Brown v. Allen, 344 U.S. 443, 461, 73 S. Ct. 437, 97 L.Ed. 469. It meets this test if the application or any of the supporting documents filed with it recite the required facts. Thus, in Sisk v. Overlade, 7 Cir., 220 F.2d 68, certiorari denied 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774, allegations of fact contained in a brief attached to a verified application were held to be appropriate for consideration.[6]

4. In Price v. Johnston, 9 Cir., 161 F.2d 705, reversed on other grounds, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356, this court treated as though it had been incorporated in the application factual recitals contained in the applicant's appellate brief. On appeal, the Supreme Court followed a like course and found "that the explanatory statement [in the brief] illuminates the allegation made in the District Court." 334 U.S. 266, 287, 68 S. Ct. 1049, 1031.

In Egan's reply brief, it is stated that "it is true that appellant did *not* [comply with the court rule in question]." In view of the recitals in the application and opening brief, to which reference has been made, and other recitals in the reply brief which show that the suppression point was still being urged, it must be that Egan, in using the words quoted above, was referring to strict and technical compliance, as distinguished from substantial compliance. The application and both briefs filed by Egan display considerable confusion of mind. This makes it necessary to be somewhat lenient in judging the sufficiency and consistency of his presentation.

5. Whether the timely filing of this document would have, as alleged, constituted substantial compliance with that court rule, is a question of law which is not now before us. For present purposes, we must assume that the prompt filing of the document would have forestalled dismissal of the appeal.

6. Granting a certificate of probable cause in Thomas v. Duffy, 9 Cir., 191 F.2d 360, at page 361, Chief Judge Denman said:

"* * * His application to the court below incorporated his petition for the writ to the California Supreme Court and made its allegations the basis of his application below and the district court properly so treated it. Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L. Ed. 761; Price v. Johnston, 334 U.S. 266, 291, 292, 68 S.Ct. 1049, 92 L.Ed. 1356; Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392."

This is precisely what Egan asks us to do here. The views of a judge of this court in acting upon an application for a certificate of probable cause are not authoritative. In the Thomas case, however,

■ It is unquestioned that the suppression, by government officials, of papers which would have enabled a prison inmate to perfect his appeal is a violation of the equal protection clause of the Fourteenth Amendment.[7]

It follows from what has been said that, with regard to the allegation that he had been denied a right to appeal, Egan's application should not have been dismissed, without show cause proceedings or hearing, on the ground that the allegation was not supported by specific factual allegations.

Appellee contends, however, that there is another reason why, with regard to this particular ground stated in the application, the district court acted properly in dismissing the application on its own motion. This asserted reason is that Egan has waived his constitutional right to the equal protection of the laws in connection with his appeal, because he did not stand on this right at the time the motion to dismiss his appeal was under consideration by the California District Court of Appeal.[8]

■ It is a rule of appellate adjudication that, if the order or judgment under review is not sustainable on the ground relied upon by the trial judge, but is sustainable on another ground which could be and was fairly presented on appeal, there should be an affirmance. We therefore turn to a consideration of this additional reason advanced by appellee for sustaining the order.

That Egan did not make the contention concerning suppression of his appeal papers on the proceedings to dismiss his appeal, is shown by the recitals in his reply brief on this appeal. He there states that, in resisting the motion to dismiss the original appeal, he advanced two contentions. One of these

was that the record on appeal perfected by his codefendant, Albert J. Tinnin, was available as Egan's record on appeal. The other was that Egan had relied upon his attorney, Vincent W. Hallinan, to perfect his appeal after notice of appeal was filed, but that, through an error in Hallinan's office, this was not done.

■ But nonassertion of a constitutional right in court proceedings in which it would be appropriate to make such assertion is not necessarily a waiver of such right. As appellee himself concedes, a constitutional question may be raised at any time if the matter appears on the face of the record, or if it is of such nature that it could not have been raised before. A matter is of such nature that it could not have been raised before if the person asserting it did not have knowledge of the facts upon which it is based, or if, for some other adequate reason, such person was prevented from asserting it.

■ It is not contended that the denial of the constitutional right here asserted—denial of equal protection of the laws by judicial suppression of appeal papers—appears on the face of the record. It is likewise clear, on this record, that the right asserted is of such nature that it could have been raised at the dismissal proceedings.

Egan then knew, if it was true, that he had delivered to the clerk of the trial judge a document which, if timely filed, would have constituted substantial compliance with the court rule invoked in dismissing his appeal. While he was then in prison, he was represented by competent counsel. Had Egan told his counsel about this document, it could have been immediately ascertained

the quoted views expressed by Judge Denman received the implicit sanction of the court, because, on the basis of the recitals in the application, as so augmented, this court later reversed the district court order. See Thomas v. Teets, 9 Cir., 205 F.2d 236, certiorari denied 346 U.S. 910, 74 S.Ct. 240, 98 L.Ed. 407.

7. Cochran v. State of Kansas, 316 U.S. 255, 257, 62 S.Ct. 1068, 86 L.Ed. 1453; Dowd v. United States ex rel. Cook, 340 U.S. 206, 208, 71 S.Ct. 262, 95 L.Ed. 215.

8. Since the dismissal of the appeal, the judge who is alleged to have suppressed Egan's appeal papers has died.

whether the document had been suppressed.

■ If he did not tell his attorney about the document, his, failure to do so is inexcusable. If he did so, and the fact of suppression was revealed, no reason has been advanced by Egan, or suggests itself to us, why such suppression could not have been called to the attention of the California District Court of Appeal. Under these circumstances, the failure of Egan's counsel to urge this contention in the dismissal proceedings must be taken to indicate either that there was no suppression of Egan's appeal papers, or that his constitutional right to the equal protection of the laws in this regard was waived.[9]

■ This is not a case in which the application, standing alone, or considered with the return thereto, presents a factual issue as to whether the applicant had an adequate excuse for failing to assert a constitutional right in previous court proceedings. In such a case, the application may not be denied on the ground of waiver of such right without first affording the applicant a hearing, or at least an opportunity to supplement his pleadings. Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356.

In the case before us, the application and supporting exhibits themselves negative such a factual issue by revealing that there could have been no adequate excuse for husbanding the point now urged. Under such circumstances, the calling for a return, the holding of a hearing, or the extending of an invitation to Egan to supplement his application could have been of no possible advantage to him.

■ We therefore hold, for the reasons stated above, that the rejection of the particular contention under discussion, upon the basis of the application and without further proceedings, was not erroneous.[10]

■ The other grounds alleged in Egan's application for a writ of habeas corpus are that he was denied the right to legal counsel of his own selection; that he was denied the right to act as his own counsel; and that, due to prejudicial misconduct on the part of the trial judge, he was denied a fair and impartial hearing.

None of these grounds was recognized, in the order granting a certificate of probable cause, as presenting a justiciable question. We have nevertheless given consideration to each such contention on this appeal.

With regard to each of these grounds, the district court in effect held that the contention had been fully adjudicated, adversely to Egan, in the previous habeas corpus proceeding in the same district court, referred to in footnote 10.

Based upon this conclusion, the court, apparently being satisfied that the ends of justice would not be served by initiating another inquiry as to those matters, dismissed the application without show cause proceedings and without hearing. This course was open to that court, in the exercise of a sound judicial discretion, assuming that the court was correct in holding that the points in question had been adjudicated in the prior

---

9. Where a defendant is represented by a competent attorney of his own choice, the attorney may waive the defendant's right to procedures to which he is otherwise entitled under the constitution. Eury v. Huff, 4 Cir., 141 F.2d 554.

10. As a matter of fact, it would appear that practically every point which could have been litigated on an appeal was adjudicated against Egan in later proceedings in which he was afforded a hearing. See In re Egan, 24 Cal.2d 323, 149 P.2d 693, certiorari denied Egan v. People, 323 U.S. 785, 65 S.Ct. 272, 89 L.Ed. 626; People v. Egan, 73 Cal.App.2d 894, 167 P.2d 766, certiorari denied 329 U.S 753, 754, 67 S.Ct. 91, 91 L.Ed. 649; Egan v. People, D.C.Civ.No. 26700–Y, unreported. The district court, in the instant proceedings, took judicial notice of the 1947 proceedings last referred to, as it was permitted to do. See Rookard v. Huff, 79 U.S.App.D.C. 291, 145 F.2d 708.

proceedings.[11]  No abuse of discretion is revealed by the record.

■ Like the district court, we, too, have taken judicial notice of the prior proceedings in the same court.  The transcript of the testimony, findings of fact, and conclusions of law in those proceedings indicate that two of the three contentions now under discussion were specifically and expressly dealt with and adjudicated against Egan, after a hearing.  These are the contentions that Egan was denied the right to legal counsel of his own selection, and that he was denied a fair and impartial hearing.  Under the principle announced above, it was therefore proper for the district court, on its own motion, to decline further consideration of these contentions.

The third such contention—that Egan was denied the right to act as his own counsel—was not specifically and expressly adjudicated in the prior proceedings.  That is to say, this particular ground was not separately and specifically stated in Egan's prior application, and was not separately and specifically dealt with in the findings of fact entered after that hearing.

■ The contention that Egan was denied the right to act as his own counsel, as advanced in the instant application, has apparent reference to two incidents which occurred during his trial.  One of these occurred during the last twenty minutes of the trial, during the prosecution's closing argument.  Egan's attorney was banished from the court-room for contemptuous behavior.  The trial judge then appointed another attorney to represent Egan during the closing minutes of the trial.  Egan protested the appointment of another attorney not of his own choice.  He told the court, "I will represent myself."  The court responded, "You take your seat!"

The other such incident, which may actually have occurred twice during the trial, was Egan's request that he be permitted to act as his own counsel at the same time that he was represented by counsel of his own choice.

We assume, without deciding, that the defendant in a state prosecution has a right, protected by the Fourteenth Amendment, to act as his own attorney at his trial, if he competently and intelligently makes such a choice.[12]

The district court, in the 1947 proceedings, and the Supreme Court of California, in its 1944 proceedings,[13] held that the fact that Egan was denied counsel of his own selection during the last twenty minutes of the trial did not deprive him of a fair trial.  During this period, which was devoted exclusively to the state's closing argument, Egan's rights were protected by a stipulation.  Under this stipulation, there was reserved to Egan all possible exceptions and objections to the argument of the prosecuting attorney which could lawfully be made during the course of such argument.

For the same reasons, and on the basis of the record in the prior district court

---

11.  Swihart v. Johnston, 9 Cir., 150 F.2d 721, certiorari denied 327 U.S. 789, 66 S. Ct. 803, 90 L.Ed. 1016; 28 U.S.C.A. § 2244.

12.  We do not find that this point has been adjudicated, though there are some cases which speak of such a "right" as though it was protected by the federal constitution.  See Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268; United States v. Dennis, 2 Cir., 183 F.2d 201, 234, affirmed 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137; United States v. Mitchell, 2 Cir., 137 F.2d 1006, 1010, adhered to on rehearing, 2 Cir., 138 F.2d 831, certiorari denied, 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083; Collins v. Heinze, D.C., 125 F.Supp. 186, 190, affirmed, 9 Cir., 217 F.2d 62, certiorari denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268.  In a federal prosecution, a defendant has such a right by virtue of statute.  28 U.S.C.A. § 1654; United States v. Cantor, 2 Cir., 217 F.2d 536, 538.  In a state prosecution in California, the California constitution and statutes also accord such a right.  California Constitution, Art. I, § 13, cl. 3; California Penal Code, § 686(2).

13.  In re Egan, 24 Cal.2d 323, 149 P.2d 693, certiorari denied Egan v. People, 323 U.S. 785, 65 S.Ct. 272, 89 L.Ed. 626.

proceedings, of which we take notice, we hold that the denial of Egan's request, made during that twenty-minute period, to act as his own attorney did not deprive him of a fair trial.[14]

The denial of Egan's other request, made on one or more other occasions, that he be permitted to act as his own counsel at the same time that he was represented by counsel of his choice, did not deprive Egan of any federal constitutional right.[15]

Affirmed.

14. On the following morning, the court expressly recognized Egan's desire to represent himself while instructions were given to the jury.

15. In a federal prosecution, a defendant has no such right. Overholser v. DeMarcos, 80 U.S.App.D.C. 91, 149 F.2d 23, 26, certiorari denied 325 U.S. 889, 65 S.Ct. 1579, 89 L.Ed. 2002; United States v. Mitchell, supra; United States v. Foster, D.C., 9 F.R.D. 367, 371–372. If the federal constitution does not afford such a right to federal defendants, it follows that it does not afford such a right to state defendants. We need not decide whether petitioner had such a right under the California constitutional and statutory provisions referred to in footnote 12, since our concern is with petitioner's rights under the federal constitution.