**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELO DAHLIA, | No. 10-55283 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-08453-MMM-JEM |
| v. | |
| TIM STEHR, individually, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| CITY OF BURBANK, a municipal corporartion; OMAR RODRIGUEZ, individually and as a Lieutenant of the Burbank Police Department; JOHN MURPHY, individually and as a Lieutenant of the Burbank Police Department; EDGAR PENARANDA, individually and as a Sergeant of the Burbank Police Department; JOSE DURAN, individually and as a Sergeant of the Burbank Police Department; CHRIS CANALES, individually and as a Detective of the Burbank Police Department, | |
| Defendants. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted May 8, 2012[**]
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

Defendant Tim Stehr appeals from the district court's denial of his motion for summary judgment on the ground that it was premature.[1] We review de novo the denial of summary judgment where qualified immunity is at issue, *KRL v. Estate of Moore*, 512 F.3d 1184, 1188-89 (9th Cir. 2008), and we reverse.

1. We have jurisdiction under 28 U.S.C. § 1291 to review Stehr's interlocutory appeal because his motion asserted qualified immunity. *Wilkins v. City of Oakland*, 350 F.3d 949, 951 (9th Cir. 2003). Although the district court

---

[**] The panel unanimously concludes this appeal is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Stehr moves to supplement the excerpts of record on appeal with the district court order and subsequent notice of appeal in Plaintiff Angelo Dahlia's related appeal (No. 10-55978), and requests that we take judicial notice of those documents. We grant the request because those documents are judicial records, *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), they relate to proceedings that involve the same parties reflected in those documents, *Egan v. Teets*, 251 F.2d 571, 577-79 (9th Cir. 1957), and those judicial developments "affect our consideration of the various issues presented," *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971). However, we decline to supplement the excerpts of record on appeal on the ground that it is unnecessary.

dismissed Stehr's motion without expressly discussing the qualified immunity question, it implicitly denied the qualified immunity claim. *Giebel v. Sylvester*, 244 F.3d 1182, 1186 n.6 (9th Cir. 2001). Even where, as here, there are issues of fact in dispute, "we can determine whether the denial of qualified immunity was appropriate by assuming that the version of the material facts asserted by [Dahlia] is correct." *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001).

That the district court denied Stehr's motion without prejudice does not defeat jurisdiction. Under *Behrens v. Pelletier*, 516 U.S. 299 (1996), a denial of summary judgment without prejudice is sufficiently final to support jurisdiction over an interlocutory appeal, *id.* at 307-08, because the purpose of qualified immunity is "not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery," *id.* at 308 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis in original) (internal quotation marks omitted). *See also Moss v. U.S. Secret Service*, 572 F.3d 962, 974 (9th Cir. 2009) (declining to exercise jurisdiction over an interlocutory appeal only because, unlike here, there was no imminent discovery due to a stay).

2. Stehr is entitled to qualified immunity because, as Dahlia concedes, we have not previously decided the question of whether being placed on administrative leave with pay constitutes an adverse employment action. *See*

3

*Lakeside-Scott v. Multnomah County*, 556 F.3d 797, 803 n.7 (9th Cir. 2009) (declining to reach the question of whether administrative leave constituted an adverse employment action). Dahlia's purported right protecting him from placement on administrative leave was thus not "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (quoting *Harlow v. Fitzgerland*, 457 U.S. 800, 818 (1982)). In light of our silence, and the unanimous weight of authority from other jurisdictions holding that administrative leave does not constitute an adverse employment action, the contours of Dahlia's purported right were not sufficiently clear that an official in Stehr's position would have "understood that what he is doing violates that right." *Id.* at 2083.

**REVERSED.**